HOWARD I. BERNSTEIN, General Counsel Department of Industry,Labor and Human Relations
You have asked for my opinion concerning the duties imposed on local municipalities by sections 66.036 and 145.20 (2)(h), Stats. Your letter indicates that the Department of Industry, Labor and Human Relations and several counties are in disagreement over the extent of these duties. You have requested my opinion to resolve this disagreement. The sections in question provide:
 66.036 Building on unsewered property. (2) No county, city, town or village may issue a building permit for construction of any structure requiring connection to a private domestic sewage treatment and disposal system unless a system satisfying all applicable regulations already exists to serve the proposed structure or all permits necessary to install such a system have been obtained.
 (2) Before issuing a building permit for construction of any structure on property not served by a municipal sewage treatment plant, the county, city, town or village shall determine that the proposed construction does not interfere with a functioning private domestic sewage treatment and disposal system. The county, city, town or village may require building permit applicants to submit a detailed plan of the owner's existing private domestic sewage treatment and disposal system.
 145.20 (2) GOVERNMENTAL UNIT RESPONSIBILITIES. The governmental unit responsible for the regulation of private sewage systems shall:
. . . .
 (h) Inspect existing private sewage systems to determine compliance with s. 66.036 if a building or structure is being constructed which requires connection to an existing private sewage system. The county is not required to conduct an on-site inspection *Page 39 
if a building or structure is being constructed which does not require connection to an existing private sewage system.
In your letter you advise that the department has consistently interpreted these sections to mean that an on-site inspection of an existing private sewage system must be made before a building permit may be issued for any type of construction requiring a connection to that system. For the reasons set forth in this opinion, I agree with this conclusion.
You also advise that some counties contend that additions to, or the remodeling of, existing structures do not require an on-site inspection. This contention is based on the counties' interpretation of section 66.036 to the effect that additions and remodeling do not constitute construction of a "structure" within the meaning of the statute. Because of the nature of the private sewage regulatory program conceived by the Legislature, I believe that the counties' contention is incorrect. A resolution of the disagreement involves a statutory construction of section 66.036.
The court in Terry v. Mongin Ins. Agency, 105 Wis.2d 575,583-84, 314 N.W.2d 349 (1982), summarized the basic rules for statutory construction as follows:
 We have repeatedly stated that "[t]he aim of all statutory construction is to discern the intent of the legislature," Green Bay Packaging, Inc. v. ILHR Dept., 72 Wis.2d 26, 35, 240 N.W.2d 422 (1976), and that a "cardinal rule in interpreting statutes" is to favor a construction which will fulfill the purpose of the statute over a construction which defeats the manifest object of the act. Student Asso., U. of Wis. — Milw. v. Baum, 74 Wis.2d 283, 294-95, 246 N.W.2d 622 (1976). Where one of several interpretations of a statute is possible, the court must ascertain the legislative intention from the language of the statute in relation to its context, subject matter, scope, history, and object intended to be accomplished. State ex rel. First Nat. Bank Trust Co. of Racine v. Skow, 91 Wis.2d 733, 779, 284 N.W.2d 74 (1979).
In connection with the scope of the private sewage system regulatory program in Wisconsin, your department has supplied my staff with relevant background information. There are well over 700,000 private sewage systems in Wisconsin. Failure of a septic system is not ordinarily due to the shortcomings of the system *Page 40 
itself, but rather to its misapplication and/or misuse. In its present state, the environment in Wisconsin is without a statewide comprehensive statutory land use authority. Therefore, locally adopted zoning ordinances and sanitary permits still represent the prime methods of land use control.
Except for Milwaukee County, the local governmental unit responsible for regulation of private sewage systems is the county (section 145.01 (5)). Section 66.036 is an integral part of the private sewage regulatory program. It is obviously in parimateria with section 145.20 and should be construed with this section to fulfill the purpose of the act.
Section 66.036 was created by chapter 258, Laws of 1977. This chapter contains a prefatory note which provides in part:
 At the present time, in some localities, a property owner may obtain a building permit and construct a building before obtaining a sanitary permit. When the individual seeks a sanitary permit to install a septic tank system after constructing the building, the sanitary permit may be denied because the site does not meet the requirements of the state plumbing code or a local sanitary ordinance.
 New sub. (1) is intended to preclude the possibility of a person erecting a building which requires connection to a private domestic sewage treatment and disposal system and then later being unable to obtain a sanitary permit to install the system on the property. When a building permit application is received, the county, city, village or town must determine whether the proposed building will require connection to a private domestic sewage treatment and disposal system. If connection is required, the county, city, village or town may not issue the building permit unless the applicant already has a sewer system adequate to serve the new structure or unless the applicant obtains a sanitary permit or other permit necessary for installation of a private domestic sewage treatment and disposal system required by the state plumbing code or a municipal sanitary ordinance.
While a title and preamble may be used to construe a statute as to the objects to be accomplished, it cannot be used to alter the scope of the text of the statute. Smith v. Brookfield,272 Wis. 1, 6, 74 N.W.2d 770 (1956); State ex rel. Columbia Corp. v.Pacific Town Board, 92 Wis.2d 767, 773, 774, 286 N.W.2d 130
(1979). Significantly, *Page 41 
the statute refers to a "structure" rather than to a "building." Accordingly, it is necessary to determine whether the term "structure" has a broader meaning than the term "building." "Structure" is not defined for purposes of section 66.036. However, in State v. Bleck, 114 Wis.2d 454, 463, 338 N.W.2d 492
(1983), it was said:
 Sec. 990.01 (1), relating to general rules of statutory construction, indicates that all words and phrases must be construed according to their common and approved usage. The common and approved meaning of a word can be ascertained by reference to a recognized dictionary. [Citation omitted.]
 Webster's Third New International Dictionary 2267 (1961) defines "structure" as "something constructed or built . . . something made up of more or less interdependent elements or parts
The term "building," on the other hand, is more narrowly defined as a "constructed edifice designed to stand more or less permanently, covering a space of land, usu. covered by a roof and more or less completely enclosed by walls." Webster's Third NewInternational Dictionary, p. 292 (1961). Therefore, in my opinion, the term "structure" does include remodeling of an existing building or an addition to the building. These examples are not meant to be all inclusive.
It is my opinion that the language of section 66.036 applies to any "structure" as the term is ordinarily used and for which a building permit must issue, and that before such a building permit can be issued, the municipality must determine: (1) whether a connection to the private sewage system is required; (2) whether a private sewage system satisfying applicable regulations exists to serve the proposed structure; (3) if not, whether necessary permits have been obtained to install such a system; and (4) whether the municipality determined that the proposed construction does not interfere with a functioning private domestic sewage treatment and disposal system. (Section 66.036 (2)).
To implement and maintain a private sewage regulatory program consistent with public health and safety, the Legislature has recognized that local units of government should share enforcement responsibility with state government. The Department of Industry, Labor and Human Relations, in conjunction with these local units *Page 42 
of government, is responsible for the administration and enforcement of chapter 145. Section 66.036 transfers some of that responsibility to the local governmental units by requiring that before a building permit be issued, the adequacy of the private sewage system serving the proposed structure be determined. If it is determined that a connection is required, then the local units of government should be notified so that they may discharge their duty under section 145.20 (2)(h), which requires them to make an inspection to determine compliance with section 66.036.
BCL:JWC *Page 43